```
            UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                  TAMPA DIVISION
```

VG INNOVATIONS, INC.,

    Plaintiff,

v.                              Case No.  8:10-cv-1726-T-33MAP

MINSURG CORPORATION, et al.,

    Defendants.
_____/

### ORDER

This matter comes before the Court upon consideration of Defendants Minsurg Corporation and Minsurg International, Inc.'s Motion to Dismiss (Doc. # 14), filed on September 27, 2010. Plaintiff VG Innovations, Inc. filed a Response in Opposition (Doc. # 22) on October 19, 2010. In this patent infringement dispute, the Minsurg Defendants request that the Court dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court denies the Motion.

**I.   Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and

construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

A plaintiff must plead enough facts to state a plausible basis for the claim. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed"). Additionally, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

2

of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

## II. **Analysis**

In its amended complaint, VG asserts three counts against the Minsurg Defendants. (Doc. # 12 at 19-22). In count one, VG requests a declaration: (i) that the '761 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and 112; (ii) that VG does not infringe the '761 Patent; (iii) that the '761 Patent is unenforceable due to the Minsurg Defendants' inequitable conduct; and (iv) that the '761 Patent is unenforceable due to the Minsurg Defendants' misuse. (Doc. # 12 at 19-20). In count two, VG asserts that the Minsurg Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (Doc. # 12 at 20-21). Finally, in count three, VG alleges that the Minsurg Defendants have intentionally interfered with VG's business relations. (Doc. # 12 at 22).

### A. **Declaratory Judgment**

#### 1. **Invalidity and Noninfringement**

The Minsurg Defendants contend that the Court should dismiss VG's invalidity and noninfringement declaratory judgment claims pursuant to Rule 12(b)(6) because VG has not met the pleading requirements of the Federal Rules of Civil Procedure. (Doc. # 14 at 1). Rule 8(a)(2) requires that

3

pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the opposing party is given "fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555.  VG's invalidity and noninfringement claims satisfy this standard.

VG seeks a declaration that the '761 Patent is invalid "because the claimed invention is obvious in light of the Stein Paper and other prior art, including scholarly articles and patents disclosing the use of minimally invasive surgical portals and approaches . . . ."  (Doc. # 12 at 19).  In addition, VG submits that the '761 Patent "fail[s] to meet the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112."  (Doc. # 12 at 20).  VG's noninfringement claim requests a declaration that VG "does not infringe any valid claims of the '761 Patent, whether directly, contributorily, vicariously, or by inducement."  (Doc. # 12 at 20).

The Minsurg Defendants have the burden of proof as to infringement of the patents. See Under Sea Indust., Inc. v. Dacor Corp., 833 F.2d 1551, 1557 (Fed. Cir. 1987)("The burden always is on the patentee to show infringement"); Schinzing v. Mid-States Stainless, Inc., 415 F.3d 807, 814 (8th Cir. 2005)

4

(where defendant counterclaimed for a declaratory judgment of noninfringement, patent holder "was obligated to counterclaim for infringement and had the burden to show infringement").

Allegations similar to those at issue have withstood challenges under Rule 12(b)(6). In Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1286 (S.D. Fla. 2007), a patent infringement dispute, the court examined allegations contained in Home Depot's counterclaims in the context of a Rule 12(b)(6) motion. Id. at 1290. Home Depot counterclaimed for a declaration of noninfringement and stated: "Home Depot has not infringed and is not infringing the '039 patent or any claim thereof either directly, contributorily, by inducement, or otherwise." Id. In its second counterclaim, Home Depot alleged that the patent at issue was "invalid for one or more of the following reasons: [several statutory grounds for invalidity]" and prayed for a declaratory judgment that the patent was invalid. Id.

In denying the plaintiff's motion to dismiss, the Boldstar court concluded that Home Depot's counterclaims "effectively apprise[d]" the plaintiffs of the grounds of Home Depot's allegations. Id. at 1291. The court reasoned that the counterclaims were "brief but clear" and the plaintiffs could "reasonably be required to frame a response." Id.; see

5

Pfizer Inc. v. Apotex Inc., 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010)(finding that the singular allegation that the patent at issue was "invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code" satisfied Rule 8 and was sufficient to put the plaintiff on notice of the invalidity claim); Elan Pharma Int'l Ltd. v. Lupin Ltd., No. 09-1008, 2010 WL 1372316, at *4 (D.N.J. Mar. 31, 2010) (concluding that noninfringement counterclaims that simply averred that the defendant's product did not infringe the listed patents satisfied Rule 8(a) and put the plaintiff on full notice of the defendant's claims of noninfringement).

The claims at issue are very similar to those alleged in the Boldstar, Pfizer and Elan cases. In its claims, VG provides notice to the Minsurg Defendants that it contends that its products do not violate the Minsurg Defendants' patent and that the patent is invalid. This Court concludes that these allegations put the Minsurg Defendants on notice of VG's claims of noninfringement and invalidity, and therefore are not subject to dismissal for failure to state a claim.

### 2. Inequitable Conduct

VG requests a declaration that the claims of the '761 Patent are "unenforceable due to [the Minsurg Defendants']

6

pattern of inequitable conduct before the [Patent and Trademark Office], including failing to disclose the significance of the Stein Paper to the [Patent and Trademark Office], and then failing to disclose other references describing the widespread use of minimally invasive surgical portals and techniques." (Doc. # 12 at 19). The Minsurg Defendants contend that VG failed to plead this claim with sufficient particularity. (Doc. # 14 at 9-11). For the reasons stated below, the Court disagrees and finds that VG's allegations satisfy the applicable pleading standard.

Claims alleging inequitable conduct are subject to Federal Rule of Civil Procedure 9(b). Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1328 (Fed. Cir. 2009). The Exergen court explained that in order to plead

> inequitable conduct with the requisite particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [Patent and Trademark Office]. Moreover, although knowledge and intent may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the [Patent and Trademark Office].

Id. at 1328-29 (internal quotations omitted).

7

While VG often refers to the Minsurg Defendants generally, VG affirmatively identifies Dr. David Petersen, the Minsurg Defendants' Chief Medical Officer and the patent applicant, as the person who failed to disclose the significance of the Stein Paper and other references to the Patent and Trademark Office. (Doc. # 12 at 9). This identification satisfies the "who" portion of the analysis.

VG also provides ample detail regarding the alleged prior art references in satisfaction of the "what" prong of the analysis. VG alleges that the Minsurg Defendants "failed to disclose numerous published references revealing that the use of a minimally invasive and/or 'arthroscopic type portals' to perform surgery, including surgery on the facet joints, was well-known to spinal surgeons by the mid to late 1990s." (Doc. # 12 at 9). Additionally, VG explained that "[a]mong other materials, [the Minsurg Defendants] failed to disclose numerous public references, including papers published in surgical journals, treatises, presentations at surgical conferences, and promotional materials reflecting the development of systems such as Medtronic's METRX system to allow access to the facet joint and other portions of the spinal anatomy via a tube or arthroscopic type portal, and the use of those systems to conduct a variety of spinal procedures

8

in a minimally invasive fashion." (Doc. # 12 at 9). While the Minsurg Defendants allege that VG must specifically identify each of these references by name, it provides no case law in support of this contention. (Doc. # 14 at 9-11). Accordingly, the Court concludes that VG's allegations identify the prior art references with sufficient particularly.

As to the "when, where, and how" components of the inequitable conduct claim, VG states that the alleged misconduct occurred "[i]n the course of the continued evaluation by the patent examiner" (Doc. # 12 at 8), by way of failure to disclose. (Doc. # 12 at 9). This Court therefore concludes that VG specifically identifies the "who, what, when, where, and how of the . . . omission" committed before the [Patent and Trademark Office]." Exergen Corp., 575 F.3d at 1328-29.

Finally, a pleading of inequitable conduct must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual knew of the withheld information and withheld this information with a specific intent to deceive the Patent and Trademark Office. Id. VG's allegations clear this hurdle. VG specifically alleges that Dr. Petersen "was aware of numerous references

9

describing the use of portals to perform operations on the facet joint prior to his alleged 'invention' of the technique and subsequent patent filings." (Doc. # 12 at 9). As to the issue of intent, VG contends that the Minsurg Defendants "failed to disclose these references to the [Patent and Trademark Office] in an effort to convince the [Patent and Trademark Office] that the '519 Application should be approved despite the pre-existing Stein Paper and other relevant prior art because of the addition of a 'novel' portal-based surgical technique, when in fact this surgical technique was already well-known." Id. The Court concludes that VG's allegations conform to the requisite pleading standard and therefore are not subject to dismissal.

### 3. Misuse

In its final declaratory relief request, VG alleges that "[t]he wrongful actions of [the Minsurg Defendants] . . . constitute misuse of the '761 Patent, rendering the '761 Patent unenforceable." (Doc. # 12 at 19). "[T]he key inquiry under the patent misuse doctrine is whether . . . the patentee has impermissibly broadened the physical or temporal scope of the patent grant and has done so in a manner that has anticompetitive effects." Princo Corp. v. Int'l Trade Comm'n, 616 F.3d 1318, 1328 (Fed. Cir. 2010).

10

The Minsurg Defendants contend that VG fails to plead facts sufficient to show an anticompetitive effect. (Doc. # 14 at 12). However, upon review, the Court concludes that VG presents several allegations in the Amended Complaint which plead such facts. (Doc. # 12 at 17). Foremost, as to the Minsurg Defendants' surgical technique patent, VG alleges that the Minsurg Defendants have "sought to improperly leverage that patent to prevent the sale of any competing facet fusion allograft for use with any type of surgical technique, including open techniques. [The Minsurg Defendants'] activities are intended to, and have had, an anticompetitive effect reaching far beyond any conceivable legitimate scope of the patent." (Doc. # 12 at 17).

Without explanation, the Minsurg Defendants ignore this allegation in their Motion. The Court finds that the allegations in the complaint sufficiently allege facts as to anticompetitive effect, and the motion to dismiss on this basis is denied.

**B.  Lanham Act**

The Minsurg Defendants next submit that the Court should dismiss VG's claim against them for false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). (Doc. # 12 at 20-21). The Lanham Act reaches false statements

11

that occur "in commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). "To be actionable under the Lanham Act, the speech at issue must be commercial in nature." Futuristic Fences, Inc. v. Illusion Fence, Corp., 558 F. Supp. 2d 1270, 1279 (S.D. Fla. 2008). "[C]ommercial speech encompasses not merely direct invitations to trade, but also communications designed to advance business interests . . . ." Kleiner v. First Nat'l Bank, 751 F.2d 1193, 1204 n.22 (11th Cir. 1985).

The Minsurg Defendants contend, in essence, that their alleged statements were not "commercial speech" and are therefore not actionable under the Lanham Act. At least three district courts in the Eleventh Circuit have applied the four-part test set forth in Gordon & Breach Science Publishers, S.A. v. America Institute of Physics, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994) to determine whether a statement is commercial advertising or promotion. See Futuristic Fences, 558 F. Supp. 2d at 1279; Alphamed Pharms. Corp. v. Arriva Pharms., Inc., 391 F. Supp. 2d 1148, 1164 (S.D. Fla. 2005); Optimum Techs., Inc. v. Home Depot USA, Inc., No. 1:04-cv-3260-TWT, 2005 WL 3307508, at *5 (N.D. Ga. Dec. 2, 2005). Under the Gordon & Breach test, a false statement constitutes commercial advertising or promotion where the statement is

12

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classical advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

Gordon & Breach, 859 F. Supp. 1535-36.

The Minsurg Defendants' alleged statements go to VG's alleged infringement of the Minsurg Defendants' patent rights. The Amended Complaint alleges that "as early as August 2008, [VG] learned that [the Minsurg Defendants have] been stating falsely to [VG's] distributors that VerteLoc was infringing the 'pending patent rights' relating to . . . claims of the '519 Application . . . ." (Doc. # 12 at 14). In a separate paragraph, VG alleges that it learned that the Minsurg Defendants have "been repeatedly misrepresenting to surgeons, including a surgeon in the State of Louisiana, that VerteLoc infringed upon [the Minsurg Defendants'] patent rights." (Doc. # 12 at 15).

VG expresses in the Amended Complaint that "[o]f even greater concern, representatives of [the Minsurg Defendants], either directly through its representatives or indirectly through its distributors, have approached doctors and

13

hospitals who are established customers of [VG] and have falsely represented to these customers that [the Minsurg Defendants have] filed litigation and obtained an 'injunction' against [VG]. [The Minsurg Defendants'] agents have falsely represented that, as a result of the injunction, [VG]'s VerteLoc allograft will soon be completely unavailable and have urged these customers to purchase the [Minsurg Defendants'] TruFUSE product from [the Minsurg Defendants] instead."  (Doc. # 12 at 16-17).

These statements "indubitably amount[] to speech of a commercial bent," as opposed to social or political speech, and when taken as true, indicate that the Minsurg Defendants, a competitor of VG's in the business of devising systems and products for treating facet joint disorders, intended to influence customers to buy their products rather than VG's products. Kleiner, 751 F.2d at 1204 n.22.  Thus, factors one, two and three in the Gordon & Breach test are satisfied by the allegations in the complaint.  See Gordon & Breach, 859 F. Supp. at 1535-36.

Additionally, the complaint alleges that the communications have been disseminated to the relevant purchasing public, the fourth factor in the Gordon & Breach test.  Id.  The requisite level of circulation and the

14

relevant purchasing public will vary according to the industry. Porous Media Corp. v. Pall Corp., 173 F.3d 1109, 1121 (8th Cir. 1999); Seven-Up Co. v. Coca Cola Co., 86 F.3d 1379, 1385 (5th Cir. 1996). Here, VG alleges that the false advertisements were made to VG's distributors across the country, to surgeons, including a particular surgeon in Louisiana, and certain of VG's established doctor and hospital customers. Based on the foregoing analysis, this Court concludes that VG's allegations state a claim under the Lanham Act. The Minsurg Defendants' Motion as to this claim is therefore denied.

### C. Intentional Interference with Advantageous Business Relations

Finally, in count three, VG alleges that the Minsurg Defendants' actions "constitute intentional interference with the actual and prospective business relations of [VG]." (Doc. # 12 at 22). VG submits that it "bases its tortious interference claim on the false statements in [the Minsurg Defendants'] cease and desist letters and on the false statements to [VG]'s distributors and customers." (Doc. # 22 at 13). These alleged statements pertain to the Minsurg Defendants' patent rights. (Doc. # 12 at 14-16).

In order to properly plead a claim for intentional

15

interference with an advantageous business relationship under Florida law, a plaintiff must assert: "(1) the existence of a business relationship ... (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994) (alteration in original) (quoting Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985)).

Where, as here, the claim for intentional interference arises out the patent owners' communications regarding infringement of their patent, in order to survive federal patent law preemption, the plaintiff must also allege that the patent owners made the communications in bad faith. Clearplay, Inc. v. Nissim Corp., 555 F. Supp. 2d 1318, 1328 (S.D. Fla. 2008). In order to plead the requisite bad faith, the plaintiff must allege facts that the patent owners' statements were "objectively baseless." Id. at 1329.

The Minsurg Defendants contend that VG fails to allege bad faith and objective baselessness and thus the claim must be dismissed. (Doc. # 14 at 18-23). This Court disagrees and finds that VG has provided "enough facts to state a claim to

16

relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570.

In its amended complaint, VG submits that the Minsurg Defendants have made the statements at issue "in bad faith, without objective or subjective basis or justification, and for the sole purpose of deceiving the public, interfering with [VG's] established business relationships, and preventing [VG] from marketing a lawfully competitive product." (Doc. # 12 at 17). In support of this contention, VG alleges that while the Minsurg Defendants are "fully aware of the limitations and deficiencies of the '761 Patent," they have nonetheless "improperly leverage[d] the '761 Patent in order to interfere with [VG's] business and hamper fair competition in the marketplace." Id. at 14. Specifically, VG asserts that communications issuing from the Minsurg Defendants to VG's distributors "fail[] to disclose that the patent does not apply to open surgery techniques, but rather only to arthroscopic portal methods." Id. at 15.

The Minsurg Defendants do not otherwise contend that VG has failed to state a claim for intentional interference. Construing these facts in the light most favorable to VG, the Court determines that VG has sufficiently alleged bad faith

17

and stated a claim for intentional interference.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Minsurg Defendants' Motion (Doc. # 14) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of April, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record